1 MICHAEL A. PIAZZA, Cal. Bar No. 235881
piazzam@sec.gov
2 MICHELE WEIN LAYNE, Cal. Bar No. 118395
laynem@sec.gov
3 JOHN B. BULGOZDY, Cal. Bar No. 219897
bulgozdyj@sec.gov
4 MARSHALL S. SPRUNG, Cal. Bar No. 188253
sprungm@sec.gov

Attorneys for Plaintiff
Securities and Exchange Commission
Randall R. Lee, Regional Director
Sandra J. Harris, Associate Regional Director
5670 Wilshire Boulevard, 11th Floor
Los Angeles, California 90036
Telephone: (323) 965-3998
Facsimile: (323) 965-3815

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA

ED CV 05 - 00877 SGL

SECURITIES AND EXCHANGE COMMISSION,

　　　　Plaintiff,

　　v.

HARVEY P. TABB,

　　　　Defendant.

Case No.:

**CONSENT OF HARVEY P. TABB**

1. Defendant Harvey P. Tabb ("Defendant") waives service of a summons and the complaint in this action, enters a general appearance, and admits the Court's jurisdiction over Defendant and over the subject matter of this action.

2. Without admitting or denying the allegations of the complaint (except as to personal and subject matter jurisdiction, which Defendant admits), Defendant hereby consents to the entry of the final Judgment in the form attached hereto (the "Final Judgment") and incorporated by reference herein, which, among other things:

　　a. permanently restrains and enjoins Defendant from violation of

-1-

Sections 5(a), 5(c), and 17(a) of the Securities Act of 1933 and Section 10(b) of the Securities Exchange Act of 1934 and Rule 10b-5 thereunder;

    b. orders Defendant to pay a civil penalty in the amount of $50,000 under Section 21(d)(3) of the Securities Exchange Act of 1934; and

    c. permanently restrains and enjoins Defendant from participating in the sale or offer to sell any security (including purported partnership interests) in an unregistered transaction.

3. Defendant agrees that he shall not seek or accept, directly or indirectly, reimbursement or indemnification from any source, including but not limited to payment made pursuant to any insurance policy, with regard to any civil penalty amounts that Defendant pays pursuant to the Final Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors. Defendant further agrees that he shall not claim, assert, or apply for a tax deduction or tax credit with regard to any federal, state, or local tax for any penalty amounts that Defendant pays pursuant to the Final Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors.

4. Defendant waives the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

5. Defendant waives the right, if any, to a jury trial and to appeal from the entry of the Final Judgment.

6. Defendant enters into this Consent voluntarily and represents that no threats, offers, promises, or inducements of any kind have been made by the Securities and Exchange Commission ("Commission") or any member, officer, employee, agent, or representative of the Commission to induce Defendant to enter into this Consent.

7. Defendant agrees that this Consent shall be incorporated into the Final Judgment with the same force and effect as if fully set forth therein.

8. Defendant will not oppose the enforcement of the Final Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waives any objection based thereon.

9. Defendant waives service of the Final Judgment and agrees that entry of the Final Judgment by the Court and filing with the Clerk of the Court will constitute notice to Defendant of its terms and conditions. Defendant further agrees to provide counsel for the Commission, within thirty days after the Final Judgment is filed with the Clerk of the Court, with an affidavit or declaration stating that Defendant has received and read a copy of the Final Judgment.

10. Consistent with 17 C.F.R. 202.5(f), this Consent resolves only the claims asserted against Defendant in this civil proceeding. Defendant acknowledges that no promise or representation has been made by the Commission or any member, officer, employee, agent, or representative of the Commission with regard to any criminal liability that may have arisen or may arise from the facts underlying this action or immunity from any such criminal liability. Defendant waives any claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy or civil penalty herein. Defendant further acknowledges that the Court's entry of a permanent injunction may have collateral consequences under federal or state law and the rules and regulations of self-regulatory organizations, licensing boards, and other regulatory organizations. Such collateral consequences include, but are not limited to, a statutory disqualification with respect to membership or participation in, or association with a member of, a self-regulatory organization. This statutory disqualification has consequences that are separate from any sanction imposed in an administrative proceeding. In addition, in any disciplinary proceeding before the Commission based on the entry of the injunction in this action, Defendant understands that he shall not be permitted to contest the factual allegations of the complaint in this action.

11. Defendant understands and agrees to comply with the Commission's policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction while denying the allegation in the complaint or order for proceedings." 17 C.F.R. § 202.5. In compliance with this policy, Defendant agrees: (i) not to take any action or to make or permit to be made any public statement denying, directly or indirectly, any allegation in the complaint or creating the impression that the complaint is without factual basis; and (ii) that upon the filing of this Consent, Defendant hereby withdraws any papers filed in this action to the extent that they deny any allegation in the complaint. If Defendant breaches this agreement, the Commission may petition the Court to vacate the Final Judgment and restore this action to its active docket. Nothing in this paragraph affects Defendant's: (i) testimonial obligations; or (ii) right to take legal or factual positions in litigation or other legal proceedings in which the Commission is not a party.

12. Defendant hereby waives any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to seek from the United States, or any agency, or any official of the United States acting in his or her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees, expenses, or costs expended by Defendant to defend against this action. For these purposes, Defendant agrees that Defendant is not the prevailing party in this action since the parties have reached a good faith settlement.

13. Defendant agrees that the Commission may present the Final Judgment to the Court for signature and entry without further notice.

///
///
///
///

14. Defendant agrees that this Court shall retain jurisdiction over this matter for the purpose of enforcing the terms of the Final Judgment.

Dated: 7/28/05 , 2005

_____
Harvey P. Tabb

On _____, 2005, _____, a person known to me, personally appeared before me and acknowledged executing the foregoing Consent.

_____
Notary Public
Commission expires:

Approved as to form:

_____
James D. Riddet, Esq.
Attorney for Defendant

-5-

## CALIFORNIA ALL-PURPOSE ACKNOWLEDGMENT

State of California

County of __Orange__ } ss.

On __7/28/05__, before me, __Pamela S. Kralich__,
    Date                                          Name and Title of Officer (e.g., "Jane Doe, Notary Public")

personally appeared __-- Harvey P. Tabb --__,
                                                         Name(s) of Signer(s)

☐ personally known to me

☒ proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal.

_Signature:_ Pamela S. Kralich
Signature of Notary Public

[Notary Seal: PAMELA S. KRALICH, Commission # 1534951, Notary Public - California, Orange County, My Comm. Expires Dec 14, 2008]

Place Notary Seal Above

──────────────── **OPTIONAL** ────────────────

*Though the information below is not required by law, it may prove valuable to persons relying on the document and could prevent fraudulent removal and reattachment of this form to another document.*

**Description of Attached Document**
Title or Type of Document: __CONSENT OF HARVEY P. TABB__
                              SEC v. HARVEY P. TABB
Document Date: __7/28/05__     Number of Pages: __-5-__

Signer(s) Other Than Named Above: __-- NONE --__

**Capacity(ies) Claimed by Signer(s)**

Signer's Name: _____
☐ Individual
☐ Corporate Officer — Title(s): _____
☐ Partner — ☐ Limited ☐ General
☐ Attorney in Fact
☐ Trustee
☐ Guardian or Conservator
☐ Other: _____

Signer Is Representing: _____

[RIGHT THUMBPRINT OF SIGNER — Top of thumb here]

Signer's Name: __Harvey P. Tabb__
☒ Individual
☐ Corporate Officer — Title(s): _____
☐ Partner — ☐ Limited ☐ General
☐ Attorney in Fact
☐ Trustee
☐ Guardian or Conservator
☐ Other: _____

Signer Is Representing: _____

[RIGHT THUMBPRINT OF SIGNER — Top of thumb here — thumbprint image]

© 2004 National Notary Association • 9350 De Soto Ave., P.O. Box 2402 • Chatsworth, CA 91313-2402    Item No. 5907    Reorder, Call Toll-Free 1-800-876-6827

| | |
|---|---|
| 1 | MICHAEL A. PIAZZA, Cal. Bar No. 235881 |
|   | piazzam@sec.gov |
| 2 | MICHELE WEIN LAYNE, Cal. Bar No. 118395 |
|   | laynem@sec.gov |
| 3 | JOHN B. BULGOZDY, Cal. Bar No. 219897 |
|   | bulgozdyj@sec.gov |
| 4 | MARSHALL S. SPRUNG, Cal. Bar No. 188253 |
|   | sprungm@sec.gov |
| 5 | |
| 6 | Attorneys for Plaintiff |
|   | Securities and Exchange Commission |
| 7 | Randall R. Lee, Regional Director |
|   | Sandra J. Harris, Associate Regional Director |
| 8 | 5670 Wilshire Boulevard, 11th Floor |
|   | Los Angeles, California 90036 |
| 9 | Telephone: (323) 965-3998 |
|   | Facsimile: (323) 965-3815 |

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | Case No.: |
| Plaintiff, | **FINAL JUDGMENT** |
| v. | |
| HARVEY P. TABB, | |
| Defendant. | |

The Securities and Exchange Commission having filed a Complaint and Defendant Harvey P. Tabb having entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

**I.**

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active

1. concert or participation with them who receive actual notice of this Final Judgment
2. by personal service or otherwise are permanently restrained and enjoined from
3. violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of
4. 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated
5. thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of
6. interstate commerce, or of the mails, or of any facility of any national securities
7. exchange, in connection with the purchase or sale of any security:
8.     (a)    to employ any device, scheme, or artifice to defraud;
9.     (b)    to make any untrue statement of a material fact or to omit to state a
10. material fact necessary in order to make the statements made, in the
11. light of the circumstances under which they were made, not
12. misleading; or
13.     (c)    to engage in any act, practice, or course of business which operates or
14. would operate as a fraud or deceit upon any person.

## II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

### III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 5 of the Securities Act [15 U.S.C. § 77e] by, directly or indirectly, in the absence of any applicable exemption:

    (a)    Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

    (b)    Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

    (c)    Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

### IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant shall pay a civil penalty in the amount of $50,000 pursuant to Section

1  21(d)(3) of the Exchange Act. Defendant shall make this payment within ninety
2  (90) business days after entry of this Final Judgment by certified check, bank
3  cashier's check, or United States postal money order payable to the Securities and
4  Exchange Commission. The payment shall be delivered or mailed to the Office of
5  Financial Management, Securities and Exchange Commission, Operations Center,
6  6432 General Green Way, Mail Stop 0-3, Alexandria, Virginia 22312, and shall be
7  accompanied by a letter identifying Harvey P. Tabb as a defendant in this action;
8  setting forth the title and civil action number of this action and the name of this
9  Court; and specifying that payment is made pursuant to this Final Judgment.
10 Defendant shall pay post-judgment interest on any delinquent amounts pursuant to
11 28 USC § 1961.

## V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from participating in the sale or offer to sell any security (including purported partnership interests) in an unregistered transaction.

## VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

///
///
///
///
///
///
///

## VII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

Dated: __10/11__, 2005

_____
United States District Judge